UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————

UNITED STATES OF AMERICA,                                    21-cr-234 (PKC)

v.                                                              ORDER

PEDRO LOPEZ,

                              Defendant.

—————————————————————————

CASTEL, U.S.D.J.

On September 21, 2022, defendant Pedro Lopez was sentenced principally to a term of imprisonment of 174 months following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. (ECF 82.) Defendant, proceeding pro se, now moves for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023. (ECF 87.)

Amendment 821, coupled with 18 U.S.C. § 3582(c)(2), permits a reduction in an original sentence based upon the retroactive application of a Guidelines amendment relating to "Status Points" and "Zero-Point Offenders." Defendant is ineligible for a "Zero-Point Offender" reduction because he did not have zero criminal history points at the time of his sentencing. U.S.S.G. § 4C1.1. He was sentenced on September 21, 2022, utilizing the November 1, 2021 edition of the Guidelines Manual. (ECF 78 ¶ 25.) His criminal history score was calculated at eight: three points arising from a conviction for criminal sale of a controlled substance in 2005, three points arising from a conviction for conspiracy to distribute and possess with intent to distribute cocaine in 2012, and two additional "status points"—as required under U.S.S.G. § 4A1.1(d) prior to Amendment 821—due to his commission of the offense while under supervised release for the 2012 conviction. (Id. ¶¶ 37–62.)

With respect to a "Status Points" reduction, defendant correctly notes that Amendment 821 modified section 4A1.1 such that defendants with six or fewer criminal history points no longer receive an additional two "status points"—as defendant did—for committing an offense while on a term of supervised release. United States v. Major, 23-6166-cr, 2024 WL 1404577, at *4 (2d Cir. Apr. 2, 2024) (summary order). Following Amendment 821, defendant's criminal history score is therefore six instead of eight. A criminal history score of six results in a criminal history category of III, rather than category IV under which defendant was sentenced. (ECF 90 at 2–3.) His original Guidelines range was 210 to 262 months and his amended Guidelines range is 188 to 235 months. (Id. at 3.)

But defendant received a sentence of principally 174 months imprisonment, which is below the amended Guidelines range of 188 to 235 months. He is therefore ineligible for a reduction under Amendment 821. See U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). This conclusion is consistent with the report of the United States Probation Office indicating that defendant is not eligible for a sentence reduction. (ECF 90.)

Defendant offers no support for his request that the Court "resentence him to the low end of his new [guideline range] . . . taking into [account] the Court's previous deviation of 36-months, equating to a sentence of 152-months." (ECF 87.) The Court may reduce a sentence under section 3582(c)(2) "only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10." Dillon v. United States, 560 U.S. 817, 826 (2010) (internal quotation marks omitted). Section 1B1.10 only permits a downward

variance from the amended Guideline range if the initial term of imprisonment was below the Guideline range applicable at the time of sentencing "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). No such motion was made by the government before defendant was sentenced. The below-Guidelines sentence instead reflected the Court's weighing of the circumstances of the offense, the characteristics of the defendant, and the need for the sentence imposed, among the other section 3553(a) factors. (See ECF 83, Sept. 21, 2022 Tr. 22–27.) Thus, any downward variance from the amended Guidelines range would be inconsistent with section 1B1.10 and is therefore not permitted.

The defendant is ineligible for a sentence reduction under Amendment 821 and the motion is denied. Because the defendant is ineligible for a sentence reduction, his request for the appointment of counsel to assist him with this motion is denied as moot.

The Clerk of Court is respectfully requested to terminate the motion at ECF 87.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        April 30, 2026


COPY MAILED TO:

Pedro Lopez
Register Number: 80230-053
FCI Loretto
P.O. Box 1000
Cresson, PA 16630

3